```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
ALREDI PRODUCTIONS, INC.,          :
                                   :   03 Civ. 0790 (CSH)(THK)
          Plaintiff,               :
                                   :   MEMORANDUM OPINION AND ORDER
     -against-                     :
                                   :
SANDRA CARTER PRODUCTIONS, INC.,   :
et al.                             :
                                   :
          Defendants.              :
                                   :
-----------------------------------X
```
**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This action was referred to this Court for general pretrial supervision, pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff Alredi Productions, Inc. seeks leave to amend the Complaint to add five additional defendants and three additional causes of action. For the reasons stated below, the application is granted in part and denied in part.

**BACKGROUND**

On August 18, 2004, Plaintiff filed the First Amended Complaint bringing claims against Defendants Sandra Carter Productions, Inc. ("SCP"), Sandra Carter ("Carter"), Suleyman "Sal" Ayvazuglu, Apropal Productions, Ltd. ("Apropal"), various unidentified fictitious corporations which are owned operated, controlled, or acting as the alter egos of SCP and Apropal, and various unidentified individuals alleged to be employees, principals, officers, and/or owners of SCP, Apropal, and the

1

unidentified fictitious corporations.

Plaintiff's claims arise out of its creation of a video series entitled *Soccer Legends*. (See First Amended Complaint ("First Am. Compl."), attached as Ex. L to Affidavit of Reid Rafter in Support of Plaintiff's Motion for Leave to Amend Complaint ("Pl.'s Aff."), ¶ 8.) Plaintiff entered into a licensing agreement with Defendant SCP to distribute the video series. (See id. ¶ 9.) SCP recommended its longtime studio, Apropal, to edit the videos. (See Pl.'s Aff. ¶ 10.) Plaintiff originally hired Apropal to do the editing work for $24,000.00. (See First Am. Compl. ¶ 58.) Plaintiff alleges that Apropal overcharged Plaintiff for the video editing services by charging Plaintiff $83,475.00, instead of the agreed upon $24,000.00. (See id. ¶ 59.) Plaintiff alleges that SCP's transferring of the funds to Apropal was unauthorized, and constituted a breach of the licensing agreement between Plaintiff and SCP. (See id. ¶¶ 16-20.) Plaintiff also argues that Apropal was unjustly enriched when SCP transferred Plaintiff's funds, in the amount of $83,475.00, to Apropal. (See id. ¶¶ 63-65.) Plaintiff further alleges that SCP failed to pay Plaintiff its fair share of the revenues from sales of its video series, *Soccer Legends*. (See id. ¶¶ 10-15.) In its First Amended Complaint, Plaintiff alleges that Defendants are liable to Plaintiff for compensatory damages, treble damages, interest, costs, disbursements, and attorneys' fees, on theories of breach of

contract and fraud. (See id. passim.)

Plaintiff now claims that documents revealed during discovery show that Carter and Suzanne Phillips ("Phillips"), counsel for SCP, were involved in fabricating a fraudulent invoice for the Apropal editing work, in order to induce Plaintiff to pay a higher amount than agreed upon. (See Pl.'s Aff. ¶¶ 19-23.) Document discovery also revealed that Carter and Phillips fraudulently underreported sales made under the licensing agreement (see id. ¶¶ 24-26), that SCP was distributing Plaintiff's videos even after Plaintiff officially terminated the licensing agreement (see id. ¶ 28), that SCP operated under two other corporate entities (see id. ¶¶ 27-28), and that Carter's full name is "Sandra Carter Collyer" (id. ¶ 29).

Based on this discovery, Plaintiff seeks leave to amend the First Amended Complaint as follows: (1) to add a claim for fraud against Carter, Phillips, Joseph Gutwaks ("Gutwaks"), and Sinan Altunyay ("Altunyay")[1], related to Apropal's alleged overcharging for its editing work, (Proposed Second Amended Complaint ("Proposed Compl."), attached as Ex. A to Pl.'s Aff., ¶¶ 74-81); (2) to add a claim for fraud against Phillips alone, related to the underreporting of sales of *Soccer Legends* and other misconduct,

---

[1] Plaintiff alleges that Gutwaks and Altunyay are owners, officers, principals, and/or employees of Apropal. (Proposed Second Amended Complaint ("Proposed Compl."), attached as Ex. A to Pl.'s Aff., ¶ 6.)

(id. ¶¶ 82-87); and (3) to add a claim against SCP for unlicensed sales and distribution of Plaintiff's video series after termination of the licensing agreement (id. ¶¶ 88-92). In addition, Plaintiff seeks to add the following additional parties as Defendants: 1) Gutwaks and 2) Altunyay, both associated with Defendant Apropal, 3) Phillips, counsel for Defendant SCP, 4) Sandra Carter Enterprises, Inc. and 5) Sandra Carter International, Inc.[2] (See Pl.'s Aff. ¶ 2.) Plaintiff also seeks leave to amend the Complaint to reflect that Carter uses an alias of "Sandra Carter Collyer." (See Plaintiff's Notice of Motion for Leave to Amend Complaint, at 2.)

Defendants Carter and SCP ("Carter Defendants") oppose the application in part, arguing that several of the proposed amendments to the First Amended Complaint would be futile because (1) the fraud claims against Phillips fail to state a claim for relief (see Memorandum of Law in Partial Opposition to Plaintiff's Motion for Leave to Amend ("Defs.' Mem.") at 3-6); (2) the fraud claim against Carter merges into Plaintiff's breach of contract claim (see id. at 7-8); and (3) both fraud claims fail to allege fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure (see id. at 8-11).

---

[2] Sandra Carter Enterprises, Inc. and Sandra Carter International, Inc. are both companies that allegedly do business as Sandra Carter Productions, Inc. (See Pl.'s Aff. ¶ 2.)

4

**DISCUSSION**

I. <u>Applicable Legal Standards</u>

   A. <u>Amendment of Complaint</u>

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, "'[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'" <u>Lucente v. IBM Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002) (quoting <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir. 1993).  "One appropriate basis for denying leave to amend is that the proposed amendment is futile." <u>Lucente</u>, 310 F.3d at 258 (citing <u>Nettis v. Levitt</u>, 241 F.3d 186, 193 (2d Cir. 2001)); <u>see also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); <u>Ellis v. Chao</u>, 336 F.3d 114, 127 (2d Cir. 2003).

"A proposed amendment to a pleading [is] futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." <u>Oneida Indian Nation v. City of Sherrill</u>, 337 F.3d 139, 168 (2d Cir. 2003), <u>rev'd on other grounds</u>, 544 U.S. 197, 125 S. Ct. 1478 (2005); <u>see also</u> <u>Lucente</u>, 310 F.3d at 258 (citing <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 88 (2d Cir. 2002)); <u>Health-Chem Corp. v. Baker</u>, 915 F.2d 805, 810 (2d Cir. 1990) (where there is no merit to a proposed amendment, leave to amend should be denied).

The Carter Defendants argue that Plaintiff's proposed fraud claims are futile, as they would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails (1) to allege facts to support the elements of fraud, and (2) to plead fraud with particularity, as required by Rule 9(b). (See Defs.' Mem. passim.)

B. Rule 12(b)(6)

Under Rule 12(b)(6), a court must construe the allegations of a complaint in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); Automated Salvage Transp., Inc. v. Wheelabrator Envtl. Sys., Inc., 155 F.3d 59, 67 (2d Cir. 1998); Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). Dismissal is warranted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); accord Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999); Automated Salvage, 155 F.3d at 67; Hernandez, 18 F.3d at 136. The issue to be decided on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer, 416 U.S. at 236, 94 S. Ct. at

6

1686).

In deciding a motion to dismiss, a court may properly consider the complaint, any written instruments attached to it as an exhibit, and any documents incorporated by reference in the complaint. See Fed. R. Civ. P. 10(c); Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000). "'[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nevertheless take that document into consideration in deciding the defendants' motion to dismiss . . . ." AIM Int'l Trading, L.L.C. v. Valcucine S.P.A., No. 02 Civ. 1363 (PKL), 2003 WL 21203503, at *3-4 (S.D.N.Y. May 22, 2003) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) and citing Int'l Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)); see also Sira, 380 F.3d at 67; Chambers, 282 F.3d at 153; Dujardin v. Liberty Media Corp., 359 F. Supp. 2d 337, 347 (S.D.N.Y. 2005).

C. Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Rule 9(b)

7

requires a plaintiff to "'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" Suez Equity Investors, L.P. v. Toronto-Dominion Bank, 250 F.3d 87, 95 (2d Cir. 2001) (quoting Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989)); see also Koehler v. Bank of Bermuda (New York) Ltd., 209 F.3d 130, 136 (2d Cir. 2000); Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993); Ouaknine v. MacFarlane, 897 F.2d 75, 79 (2d Cir. 1990). "Although scienter need not be alleged with great specificity, there must be some factual basis for conclusory allegations of intent. Allegations of scienter are sufficient if supported by facts giving rise to a 'strong inference' of fraudulent intent." Ouaknine, 897 F.2d at 79 (citations omitted).

## II. Claims Against Phillips

"To state a claim for fraudulent misrepresentation under New York law a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 186-87 (2d Cir. 2004) (internal citation and quotation marks omitted); accord Wynn v. AC

8

Rochester, 273 F.3d 153, 156 (2d Cir. 2001); Baker v. Dorfman, 239 F.3d 415, 423 (2d Cir. 2000); Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76, 80 (1996); P.T. Bank Central Asia v. ABN AMRO Bank N.V., 301 A.D.2d 373, 376, 754 N.Y.S.2d 245, 250 (1st Dep't 2003).[3]

The Carter Defendants contend that Plaintiff's proposed amendment fails to state a claim against Phillips because Plaintiff fails 1) to allege fraudulent intent on the part of Phillips, 2) to allege Plaintiff's reliance on Phillips's statements, and 3) to plead fraud with particularity.

The proposed amendment alleges that Phillips, along with Carter, Gutwaks, and Altunyay, "knowingly made false and misleading statements to induce the Plaintiff to pay a higher sum than Plaintiff had agreed to pay for editing work performed by Defendant Apropal . . . [,] fabricated a fraudulent invoice to induce the Plaintiff to pay [the higher sum,]" and made false and misleading statements to induce payment of this higher amount. (Proposed Compl. ¶¶ 74-80.) Plaintiff also alleges that "Phillips knowingly made false statements to the Plaintiff underreporting the true amount of total sales . . . [,] knowingly provided false sales

---

[3] Both parties rely on New York law in arguing their positions. Accordingly, the Court concludes that New York law is applicable. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 61 (2d Cir. 2004); Santalucia v. Sebright Transp., Inc., 232 F.3d 293, 296 (2d Cir. 2000); Tehran-Berkeley Civil & Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir. 1989).

9

reports underreporting the true amount of total sales and intentionally omitting sales made to certain countries . . . [,] knowingly made false statements and misrepresentations to Plaintiff and Plaintiff's prior counsel stating that HBO would not make payments on the contract when HBO had already been making payments . . . [and] knowingly committed other acts of fraudulent conduct." (Proposed Compl. ¶¶ 82-84.)

A. Fraudulent Intent

The Carter Defendants contend that Plaintiff fails to allege fraudulent intent on the part of Phillips, an attorney. They emphasize that New York law limits the liability of attorneys to third parties.

It is true that "'[u]nder New York law an attorney cannot be held liable to third parties for injuries caused by services performed on behalf of a client or advice offered to that client, absent a showing of fraud, collusion, or a malicious or tortious act.'" Farrell v. Hellen, No. 03 Civ. 4083 (JCF), 2004 WL 433802, at *5 (S.D.N.Y. Mar. 10, 2004) (quoting Herrick Co. v. Vetta Sports, Inc., No. 94 Civ. 0905 (RPP), 1996 WL 691993, at *18 (S.D.N.Y. Dec. 3, 1996)); accord Hayles v. Advanced Travel Mgmt. Corp., No. 01 Civ. 10017 (BSJ)(DFE), 2004 WL 26548, at *13 (S.D.N.Y. Jan. 5, 2004); Marshel v. Farley, 21 A.D.3d 935, 936, 800 N.Y.S.2d 760, 761 (2d Dep't 2005). However, "while an attorney is privileged to give honest advice, even if erroneous, and generally

10

is not responsible for the motives of his clients, admission to the bar does not create a license to act maliciously, fraudulently, or knowingly to tread upon the legal rights of others." Newburger, Loeb & Co., Inc. v. Gross, 563 F.2d 1057, 1080 (2d Cir. 1977) (citing cases).

In documents other than the Proposed Complaint, namely Plaintiff's Memorandum of Law, the Rafter Affidavit, and the exhibits appended to the Rafter Affidavit, Plaintiff does allege facts sufficient to implicate Phillips in fraudulent conduct. In Plaintiff's Memorandum of Law, Plaintiff alleges that Phillips had knowledge that Carter fraudulently manufactured Apropal's invoice, yet Phillips made false statements to Plaintiff in order to induce Plaintiff to pay the invoice. (See Plaintiff's Memorandum in Support of Motion for Leave to Amend Complaint ("Pl.'s Mem."), at 12.) According to Plaintiff, on February 26, 2002, Carter sent a message via e-mail to Phillips, informing her that the overall price for the editing would be approximately $80,000.00, "maybe a bit more." (See E-mail from Carter to Phillips, Feb. 26, 2002, attached as Ex. M to Pl.'s Aff.) In the same correspondence, Carter told Phillips that she was instructing Gutwaks to send Plaintiff a final invoice for $114,575.00. (See id.) Plaintiff contends that this e-mail demonstrates that Phillips knew that the final amount on the March 6, 2002 invoice, of $119,250.00, was not the true cost. (See Pl.'s Mem. at 13.) Nonetheless, Phillips sent

11

a letter informing Plaintiff's counsel that the $83,475.00 Apropal would accept "was a very generous discount," in order to induce payment of the higher amount. (See Letter from Phillips to David Roy, Mar. 22, 2002, attached as Ex. J to Pl.'s Aff.)

Plaintiff also alleges in its Memorandum of Law that Phillips made false threats to induce Plaintiff to pay the higher amount for the editing. (See Pl.'s Mem. at 14.) In a March 22, 2002 letter, Phillips informed Plaintiff that Apropal would refuse to send tapes for the HBO/Japan deals if payment was not made, and that Plaintiff would lose all the money from these deals if Plaintiff did not agree to pay the $83,475.00. (See Letter from Phillips to David Roy, Mar. 22, 2002, attached as Ex. J to Pl.'s Aff.) However, through the February 26, 2002 e-mail message, Carter reported to Phillips that Carter informed Apropal that "[Plaintiff does] not know that I have cashflowed this project, and I have told them that you will not release any tapes until payment has been made." (See E-mail from Carter to Phillips, Feb. 26, 2002, attached as Ex. M to Pl.'s Aff.) According to Plaintiff, "cash flowed" means that SCP was being paid as tapes were being delivered. (See Pl.'s Mem. at 14.) These facts are sufficient to allege Phillips's involvement in fraudulent conduct with respect to the overcharging of Plaintiff for Apropal's editing work.

With regard to the underreporting of sales, Plaintiff alleges that Phillips knowingly made false and fraudulent statements to

12

Plaintiff to induce Plaintiff into believing that total sales were substantially less than they actually were. In turn, Plaintiff would be entitled to less income than actually earned. (See Pl.'s Mem. at 15.) Plaintiff alleges that on February 11, 2002, Carter sent an e-mail to Phillips to inform her that total sales to date were $1,013,290.00. (See id.; see also E-mail from Carter to Phillips, Feb. 11, 2002, attached as Ex. O to Pl.'s Aff.) Despite this knowledge, Phillips allegedly provided Plaintiff with a sales report, dated July 31, 2002, showing that total sales were only $764,875.00. (See Pl.'s Mem. at 16; see also Sales Report, July 31, 2002, attached as Ex. C to Pl.'s Aff.)

These facts, if properly alleged in the Complaint, are sufficient to support an allegation that Phillips was involved in some kind of fraudulent behavior and was motivated by fraudulent intent. Thus, the fact that Phillips is an attorney does not preclude Plaintiff from bringing a claim against Phillips.[4]

B. Reliance

As discussed, detrimental reliance is an essential element of fraud. The Carter Defendants contend that Plaintiff fails to

---

[4] Furthermore, Plaintiff alleges that Phillips's role was more than that of an adversarial attorney. (See Plaintiff's Reply to SCP's Opposition to Plaintiff's Motion for Leave to Amend the Complaint, at 6-7.) Plaintiff alleges that e-mail communications between Phillips and Carter demonstrate Phillips's role in business transactions, where she was not acting as an attorney. (See, e.g., E-mail from Carter to Phillips, Feb. 26, 2002, attached as Ex. M to Pl.'s Aff.; E-mail from Carter to Phillips, Feb. 11, 2002, attached as Ex. O to Pl.'s Aff.)

allege that Plaintiff actually relied upon statements made by Phillips, and thus fails to state a fraud claim against her. (See Defs.' Mem. at 5.)  The Court agrees.

With respect to the alleged overcharging of Plaintiff for the editing work done by Apropal, Plaintiff is very clear in its Proposed Complaint that the transfer of funds from SCP to Apropal for the editing work was never authorized. (See Proposed Compl. ¶ 66.)  In fact, shortly after Plaintiff received the invoice, Plaintiff explicitly told Defendants that it did not authorize SCP, Carter, or Apropal to pay monies in excess of the contractually agreed upon amount for Apropal's editing work. (See E-mail from Dave Roy to Carter, Phillips, and others, Mar. 26, 2002, attached as Ex. I to Pl.'s Aff.)  Plaintiff's counsel wrote in an e-mail,

> I will not stand idly by and allow Apropal to blackmail Alredi Productions into paying a fee that was never agreed.  If Apropal would like to return Alredi's tapes, and litigate their entitlement to fees, fine, however, holding the tapes will only enlarge Alredi's damage claim - significantly. Perhaps they should think about that.  Let me know how SCP would like to proceed.

(Id.)  Such language clearly indicates the absence of any reliance upon the allegedly fraudulent representations.[5]

Similarly, with regard to the underreporting of sales, there

---

[5] Plaintiff argues that SCP's wrongful conversion of Plaintiff's funds satisfies the element of detrimental reliance. (See Plaintiff's Reply to SCP's Opposition to Plaintiff's Motion for Leave to Amend the Complaint, at 9-10.)  Plaintiff provides no support for such a proposition.

is no allegation that Plaintiff relied upon Phillips's alleged underreporting and that damage resulted from such reliance. While Plaintiff alleges that Phillips knowingly underreported total sales of *Soccer Legends* to Plaintiff (see Pl.'s Mem. at 15-16), the allegations stop there. There is no indication in the Proposed Complaint, Memorandum of Law, or the Rafter Affidavit, that Plaintiff relied upon such underreporting, or that Plaintiff suffered any damage as a result of the underreporting.[6]

For these reasons, leave to amend the First Amended Complaint to add Phillips as a Defendant, and to add the two proposed fraud claims against her, is denied as futile.

III. Fraud Claim Against Carter, Gutwaks, and Altunyay

Plaintiff seeks leave to add a claim of fraud against Defendant Carter and proposed Defendants Gutwaks and Altunyay,[7] alleging false and misleading statements relating to the cost of editing work done by Apropal to prepare Plaintiff's video for distribution to HBO. (See Proposed Compl. ¶¶ 74–81.) The Carter Defendants object to the proposed amendment, arguing that it is futile. (See Defs.' Mem. at 7-8.) They contend that the claim fails under Rule 12(b)(6) because it merges into the existing

---

[6] If Defendants failed to remit the full amount of revenue earned from the sales of the videotapes, that would be a breach of contract, for which Plaintiff would be entitled to damages.

[7] The allegedly false invoice was signed by Gutwaks and Altunyay. (See Pl.'s Aff. ¶ 12.)

15

breach of contract claims against the Carter Defendants. (See id.)

In New York, a plaintiff fails to state a claim for fraud "when the only fraud alleged relates to a breach of contract," Morgan v. A.O. Smith Corp., 265 A.D.2d 536, 536, 697 N.Y.S.2d 152, 152 (2d Dep't 1999); accord Egan v. N.Y. Care Plus Ins. Co., 277 A.D.2d 652, 653, 716 N.Y.S.2d 430, 431 (3d Dep't 2000); Page v. Muze, Inc., 270 A.D.2d 401, 402, 705 N.Y.S.2d 383, 384 (2d Dep't 2000); Appian Estates, Inc. v. Mastroddi, 274 A.D.2d 366, 367, 710 N.Y.S.2d 119, 120 (2d Dep't 2000); Van Neil v. Berger, 219 A.D.2d 811, 811, 632 N.Y.S.2d 48, 48 (4th Dep't 1995), or when the fraud claim is duplicative of a breach of contract claim, see Rockefeller Univ. v. Tishman Constr. Corp., 240 A.D.2d 341, 342, 659 N.Y.S.2d 460, 462 (1st Dep't 1997), or when the fraud claim "is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement," Hynes v. Griebel, 300 A.D.2d 628, 629, 754 N.Y.S.2d 293, 295 (2d Dep't 2002).

In the instant case, the second, seventh, tenth, and eleventh claims in the First Amended Complaint, based on breach of contract, correspond to the proposed fraud claim. (See Proposed Compl. ¶¶ 19-23, 45-49.) These breach of contract claims are brought against Sandra Carter Productions, Inc., Sandra Carter International, Inc., Apropal, and fictitious corporations that are owned, operated,

16

controlled, or are the alter egos of SCP and Apropal. (See id.) However, the proposed claim is not asserted against SCP or Apropal, the corporations, but instead names Sandra Carter, Phillips, Gutwaks, and Altunyay, as individuals. (See id. ¶ 74.) Had the proposed claim of fraud been alleged against SCP or Apropal, Defendants' "merger" argument might have some validity.

It is unclear whether Plaintiff's breach of contract claims against SCP and Apropal control whether Plaintiff may bring a fraud claim against Carter, Gutwaks, and Altunyay, as individual corporate officers and directors may be held personally liable for fraud under New York law. See People v. Am. Motor Club, Inc., 179 A.D.2d 277, 283, 582 N.Y.S.2d 688, 692 (1st Dep't 1992); accord Marine Midland Bank v. John E. Russo Produce Co., 50 N.Y.2d 31, 44, 427 N.Y.S.2d 961, 968-89 (1980); JP Morgan Chase Bank v. Winnick, 350 F. Supp. 2d 393, 399 (S.D.N.Y. 2004). The Court need not resolve this issue since Plaintiff fails to allege the necessary element of reliance against Carter, Gutwaks, and Altunyay, as it failed to do against Phillips. Plaintiff simply never relied on the allegedly fraudulent invoice, and instead challenged the contents of the invoice shortly after receiving it. (See E-mail from Dave Roy to Carter, Phillips, and others, Mar. 26, 2002, attached as Ex. I to Pl.'s Aff.) Therefore, application for leave to add a fraud claim against Carter, Gutwaks, and Altunyay is

denied.[8]

IV. Unopposed Amendments

The Carter Defendants do not oppose Plaintiff's proposed fifteenth claim, which is brought against SCP for unauthorized sales and distribution of Plaintiff's video series after the licensing agreement had been terminated. (See Proposed Compl. ¶¶ 88-92.) Nor do they oppose Plaintiff's requests to amend the First Amended Complaint to add Sandra Carter Enterprises, Inc. and Sandra Carter International, Inc. as Defendants, and to add "Sandra Carter Collyer" as an alias of Defendant Carter. The Court therefore grants Plaintiff leave to amend the First Amended Complaint to add the additional claim and additional parties.

**CONCLUSION**

Plaintiff's motion for leave to amend the Complaint is denied with respect to the proposed thirteenth and fourteenth fraud claims, as they are futile, and is granted with respect to the

---

[8] The Carter Defendants also contend that the proposed fraud claim fails to meet the standards of Rule 9(b). (See Defs.' Mem. at 8-11). They argue that Plaintiff fails to allege fraud with particularity, specifically because the claim is addressed to a group of individuals collectively. (See id.)
While it is true that "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud," DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987); accord In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 379 F. Supp. 2d 348, 369 (S.D.N.Y. 2005); Daly v. Castro Llanes, 30 F. Supp. 2d 407, 414 (S.D.N.Y. 1998), the Court need not address this contention since leave to amend has been denied on other grounds.

proposed fifteenth claim.

Plaintiff's motion for leave to add Phillips, Gutwaks, and Altunyay as Defendants is denied, as the claims to which these individuals correspond are futile. Plaintiff's motion for leave to add Sandra Carter Enterprises, Inc., Sandra Carter International, Inc., and "Sandra Carter Collyer" as Defendants is granted.

SO ORDERED.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: February 21, 2006
New York, New York

Copies sent to:

Terry Zuckerman, Esq.
Pollack & Zuckerman
530 Boulevard
Kenilworth, New Jersey 07033

Leonard W. Wagman, Esq.
Snow Becker Krauss P.C.
605 Third Avenue, 25th Floor
New York, New York 10158

Richard P. Galler, Esq.
Kleeblatt, Galler, Abramson & Zakim, LLC
25 Main Street, Court Plaza North
Hackensack, New Jersey 07601