```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ALREDI PRODUCTIONS, INC.,          :
                                   :
                Plaintiff,         :
                                   : 03 Civ. 0790 (CSH)(THK)
        -against-                  :
                                   : **MEMORANDUM OPINION AND**
                                   :           **ORDER**
SANDRA CARTER PRODUCTIONS, INC.,   :
et al.,                            :
                                   :
                Defendants.        :
-----------------------------------X
```
THEODORE H. KATZ, UNITED STATE MAGISTRATE JUDGE.

This action was referred to this Court for general pretrial supervision. Presently before the Court is Plaintiff's motion for sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Rule 37"), in which Plaintiff seeks the entry of a default judgment against Defendants Sandra Carter ("Carter") and Sandra Carter Productions (collectively "the Carter Defendants"), the dismissal of the Carter Defendants' counterclaims, and an award of attorneys' fees.

Plaintiff contends that despite several Court orders and agreements between counsel for deposition dates, the Carter Defendants have failed repeatedly to appear for deposition. Defendant Carter was noticed for deposition on July 21, September 15, and November 11, 2005, respectively, and on each occasion Carter adjourned the deposition. (See Affidavit of Terry Zuckerman, Esq., dated Feb. 23, 2006 ("Zuckerman Aff."), ¶¶ 3-4.) Unable to secure a commitment from the Carter Defendants for a new deposition date, the issue was raised before the Court, which ordered that the

parties confer and agree upon deposition dates by November 23, 2005. The discovery deadline was adjourned to January 9, 2006. (See Order, dated Nov. 17, 2005.) Consistent with the Court's November 17th Order, on November 22, 2005, Plaintiff's counsel sent Defendants' counsel a letter in which he identified several dates on which his client would be available for deposition. By contrast, in violation of the Court's Order, Defendants' attorney failed to provide proposed dates for his clients' depositions.

In response to a request from Plaintiff, the Court ordered Defendants to appear for depositions on December 15, 2005 or December 20, 2005, unless the parties could agree on alternative dates. (See Memorandum Endorsed Order, dated Nov. 29, 2005.) The discovery deadline was extended to January 31, 2006. (See id.) On December 7, 2005, the Carter Defendants' counsel informed Plaintiff's counsel that Carter would be unavailable to be deposed until some time in January 2006. (See Zuckerman Aff. ¶ 10 & Ex. G.) In light of their involvement in settlement discussions, the parties subsequently reached an agreement to hold the deposition on January 16, 2006. (See id. ¶ 11.) The Court ordered Carter to appear for deposition on that date and once again extended the time to complete pretrial discovery to March 31, 2006. (See Memorandum Endorsed Order, dated Dec. 22, 2005.) At Carter's request, once against her deposition was adjourned. (See Zuckerman Aff. ¶ 12 & Ex. I.)

Although Plaintiff's counsel requested a new date for the Carter deposition, he received no response. He therefore noticed the deposition for February 28, 2006. (See Zuckerman Aff. ¶ 13 & Ex. J.) On February 21, 2006, Carter's counsel advised Plaintiff's counsel that Carter would not be appearing for her deposition (see id. ¶ 14), because she intended to retain new counsel. With the March 31, 2006 discovery deadline fast approaching, Plaintiff filed the instant motion for sanctions.

Counsel for the Carter Defendants contends that it is misleading to characterize the adjournment of the depositions as obstructionist, as the parties mutually agreed to adjourn the depositions because of ongoing settlement discussions, and for the convenience of the parties.[1] (Affidavit of Leonard W. Wagman, Esq., dated Mar. 3, 2000, ¶ 3.) The record indicates otherwise. While Plaintiff's counsel did agree on several occasions, as a courtesy, to adjourn Carter's deposition, he repeatedly sought alternative dates for the deposition, to no avail. Moreover, Plaintiff's counsel last noticed Carter's deposition for February 28, 2006, and Carter chose not to attend. Carter's last-minute decision to terminate her attorney's services and seek new counsel is simply one more unacceptable excuse for her repeated failure to appear for

---

[1] Contrary to the rules of this Court, Defendants' counsel failed to file a memorandum of law with his response to Plaintiff's motion. See Local Civil Rule 7.1 of the Southern District of New York.

3

deposition, with no regard for the discovery deadlines set by the Court.

Rule 37 provides for an array of sanctions if a party fails to attend her deposition or otherwise comply with discovery orders, including prohibiting the party from opposing designated claims, rendering a default judgment against the party, and requiring the party to pay the reasonable expenses of an adversary, including attorneys' fees, caused by the failure. See Fed. R. Civ. P. 37(b) and (d). A default judgment is the most severe of these sanctions and should be imposed sparingly, only where there are extreme circumstances and alternative, less severe sanctions are inadequate. See Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 249 (2d Cir. 1996); cf. Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (dismissal for failure to comply with discovery orders is to be used only in extreme situations). The Carter Defendants have not refused outright to appear for deposition. The Court therefore denies Plaintiff's request for the entry of a default judgment. Rather, the Carter Defendants will be sanctioned in the amount of $500, which shall be remitted to Plaintiff as compensation for the attorneys' fees incurred in filing the instant motion.[2]

---

[2] Although Plaintiff's counsel seeks $1700.00 reimbursement for approximately eight and one-half hours of work, he has not submitted contemporaneous time records with his request, as is required in this Circuit. See New York State Ass'n for Retarded Children, Inc. V. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983);

4

---

McGhee v. Apple-Metro, Inc., No. 03 Civ. 1870 (WHP)(MHD), 2005 WL 1355105, at *1 (S.D.N.Y. June 7, 2005); Smith v.Wettenstein, No. 02 Civ. 5806 (MHD), 2003 WL 22966281, at *2 (S.D.N.Y. Dec. 16, 2003). Accordingly, the Court concludes that a reduction in the fee request is appropriate, and that $500.00 is an adequate sanction at this time.

The Carter Defendants must appear for deposition within two weeks of the date of this Order. The parties should confer and agree on mutually acceptable dates. Failure to comply with this Order shall result in the imposition of further sanctions, including the possible entry of a default judgment.[3]

SO ORDERED.

*[signature]*
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: March 10, 2006
      New York, New York

Copies mailed to:

Terry R. Zuckerman, Esq.
Pollack & Zuckerman
530 Boulevard
Kenilworth, New Jersey 07033

Leonard W. Wagman, Esq.
Snow Becker Krauss, P.C.
605 Third Avenue
New York, New York 10158

Richard Galler, Esq.
Kleeblatt, Galler, Abramson & Zakim, LLC
25 Main Street
Court Plaza North
Hackensack, NJ 07601-7032

---

McGhee v. Apple-Metro, Inc., No. 03 Civ. 1870 (WHP)(MHD), 2005 WL 1355105, at *1 (S.D.N.Y. June 7, 2005); Smith v.Wettenstein, No. 02 Civ. 5806 (MHD), 2003 WL 22966281, at *2 (S.D.N.Y. Dec. 16, 2003). Accordingly, the Court concludes that a reduction in the fee request is appropriate, and that $500.00 is an adequate sanction at this time.

[3] The Court will address Defendants' motion for substitution of counsel separately. However, substitution of counsel will not be grounds for any further delay in Defendants' depositions.